**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:12-cr-00091-HDM-VPC |
| | ) | 3:14-cv-00335-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VINCENT FASONE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is defendant's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (#51). The government has responded (#53). Defendant has filed a document entitled "supplemental memoranda," which, because it was filed two weeks after the government's response, defendant has not otherwise filed a reply, and the time for filing a reply has expired, the court construes as defendant's reply (#54).

On September 11, 2012, an undercover officer sent an invitation to a chat room entitled "#01111111dad&daughtersex" asking if anyone in Nevada or the Sacramento area wanted "to meet

1

for real and hangout." A minute later, defendant responded with a private message. During the ensuing conversation, defendant asked if the officer had anyone to share, and the officer responded that he had a seven-year-old daughter. When defendant asked if the daughter had any friends, the officer mentioned a twelve-year-old babysitter. Later in the conversation, defendant asked whether the officer wanted to meet later that week to "have some fun" with "both" girls. In a series of chats over the following days, defendant sent the undercover officer links to adult pornography for the officer to show the girls in order to persuade them to engage in sexual activity. Defendant and the officer eventually agreed to meet at the officer's "apartment" on Thursday, September 20, 2012. Defendant showed up to the meeting at the designated time, confirmed that he intended to engage in sexual activity with both girls, and was subsequently arrested.

On October 24, 2012, the grand jury returned a two-count superseding indictment charging defendant with attempted coercion of a minor in violation of 18 U.S.C. § 2422(b) and commission of a felony sex offense by an individual required to register as a sex offender in violation of 18 U.S.C. § 2260A. On January 31, 2013, defendant entered a plea of guilty to both counts without the benefit of a plea agreement. On May 22, 2014, the court sentenced defendant to a term of imprisonment of 150 months on Count 1, and a mandatory consecutive term of 120 months imprisonment on Count 2. Defendant appealed his sentence. On March 18, 2014, the Ninth Circuit affirmed. On June 25, 2014, defendant filed the instant motion for relief under 28 U.S.C. § 2255.

Pursuant to § 2255, a federal inmate may move to vacate, set

aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *Id.* § 2255.

Defendant advances seven grounds for relief in his petition: (1) 18 U.S.C. § 2422(b) is unconstitutional; (2) the government entrapped defendant into committing the underlying offenses; (3) the court erred in applying an eight-level enhancement because the offense involved a minor under the age of 12; (4) defendant has been shown several conflicting versions of the conditions of his supervised release and does not know which bind him upon release; (5) the court abused its discretion by sentencing defendant to lifetime supervision, prohibiting defendant from consuming alcohol for life, and banning defendant from all forms of pornography; (6) 18 U.S.C. § 2260A is unconstitutional; and (7) the court erred by considering and not striking an uncorroborated allegation in the PSR that the defendant had sex with a minor in Asia.

**I. Constitutionality of 18 U.S.C. § 2422(b)**

Defendant argues 18 U.S.C. § 2422(b) is unconstitutional because a person may be convicted under it solely for having illicit thoughts.  The government argues that because defendant did not raise this claim on direct appeal, it is procedurally defaulted, and at any rate the claim is without merit.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988

3

F.2d 941, 945 (9th Cir. 1993), or that he is actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "Attorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Defendant did not raise this claim on direct appeal. Defendant has not argued or established that he is actually innocent of this offense and has made no effort to show cause for his procedural default.  Further, defendant cannot show prejudice, as § 2422(b) is not unconstitutional. *See United States v. Dhingra*, 371 F.3d 557, 559 (9th Cir. 2004); *United States v. Meek*, 366 F.3d 705 (9th Cir. 2004). Contrary to defendant's argument, a person may not be convicted under § 2422(b) solely for having thoughts; to prove attempt to persuade, induce, entice or coerce a minor into engaging in sexual activity, the government must show the defendant took a substantial step toward completing that criminal act. *See United States v. Goetzke*, 494 F.3d 1231, 1235 (9th Cir. 2007). That defendant took a substantial step in this case is fully supported by the record, including defendant's arrival at the designated meeting place on September 20, 2012.

**II. Entrapment**

Defendant argues that his conviction is unlawful because he was the target of a sting operation and thus he was entrapped into committing the crimes. The government argues that defendant's unconditional guilty plea precludes review of this claim.

4

Where a defendant does not assert that his "guilty plea was involuntary" or "that it was made with a misunderstanding of the nature of the charge or the consequences of the plea," a plea of guilty waives all defenses. *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971). It also waives "all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). Defendant has not asserted his plea was involuntary or that he did not understand its consequences. Accordingly, defendant's plea of guilty to the charges waived any defenses he may have had thereto, including the defense of entrapment.

In addition, defendant has procedurally defaulted this claim. Defendant did not raise this claim on direct appeal. Defendant has not established that he is actually innocent of this offense and has made no effort to show cause for the procedural default. Nor can defendant show prejudice. A defense of entrapment requires the government to prove either that it did not induce the crime or that the defendant was predisposed to commit the crime before being contacted by government agents. *See United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003). The government clearly could have shown that here. Not only had defendant been convicted of a prior crime involving child pornography, but he responded to an invitation sent by the officer generally to the entire chat room, he initiated plans to meet up, and he chose to send various pornographic links to the officer with the intent that they be viewed by the two minor girls. Defendant's assertion that he was entrapped is thus clearly without merit.

### III. Eight-level Enhancement

Defendant argues that the court erred in applying an eight-level enhancement for a minor under the age of 12 because the minor in this case was fictional. Defendant challenged the eight-level enhancement on direct appeal, and the Ninth Circuit affirmed. A defendant may not use § 2255 to relitigate issues that were decided on direct appeal. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). To the extent this argument differs from that asserted on appeal, the claim is procedurally defaulted because it was not raised on appeal. The procedural default is not cured because defendant has made no attempt to show cause, and he cannot show prejudice as the eight-level enhancement is proper even where the victim is fictitious. *See* U.S.S.G. § 2G1.3; *United States v. Waltman*, 529 Fed. App'x 680, 684 (6th Cir. 2013); *United States v. Anderson*, 509 Fed. App'x 868, 875 (11th Cir. 2013).

### IV. Conflicting Conditions of Supervised Release

Defendant asserts he was shown several different versions of the conditions of supervised release and does not know which version controls. He asserts the conditions he was shown at sentencing were different from those shown to him by the Probation Office which were different from those in the judgment. The government argues that because defendant did not raise this claim on direct appeal, it is procedurally defaulted. The government also argues that defendant's assertion that he is confused about his conditions of release is belied by his clear citation to his conditions of supervised release.

Defendant did not raise this claim on direct appeal. Defendant has not argued or demonstrated cause for failing to raise

this argument on appeal, nor has he identified in which ways the various documents allegedly conflicted such that the failure to raise the argument caused him prejudice. To the extent defendant is confused about which conditions control, the court advises defendant he is bound by the conditions set forth in the judgment of conviction. (*See* Doc. #40).

**V. Alcohol, Pornography and Lifetime Supervision Conditions**

Defendant argues the court abused its discretion by sentencing defendant to lifetime supervision, prohibiting defendant from consuming alcohol for life, and banning defendant from all forms of pornography without setting forth on the record the basis for such conditions. The government argues that because defendant did not raise this claim on direct appeal, it is procedurally defaulted.

Defendant did not raise this claim on appeal and he has made no effort to show cause for the failure to do so. Further, he cannot show prejudice. The reasons for the court's imposition of the conditions of supervised release were apparent from the record and were proper. Lifetime supervision is the recommended term of supervision for a sex offense, which this case involved. *See* U.S.S.G. § 5D1.2(b)(2) & app. n. 1; *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) ("The district court was within its discretion to conclude that a lifetime term of supervised release was necessary to punish [defendant] for his crime, to rehabilitate him, and to protect the public from future crimes by [defendant]."). The pornography prohibition is not overly broad or vague and was properly applied to rehabilitate the defendant and protect the public. *See Daniels*, 541 F.3d at 927-28; *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003). Finally, the court

7

did not impose a lifetime ban on alcohol but instead banned defendant's excessive use of alcohol and use of alcohol while participating in the required mental health treatment program.  At any rate, limitation of the defendant's alcohol consumption was proper as there was evidence in the record that defendant had a history of substance abuse.  *See United States v. Vega*, 545 F.3d 743, 748 (9th Cir. 2008); *United States v. Betts*, 511 F.3d 872, 878 (9th Cir. 2007).

**VI. Constitutionality of 18 U.S.C. § 2260A**

Defendant asserts that § 2260A is unconstitutional under the Fifth, Eighth, Ninth, and Fourteenth Amendments because it applies only to sex offenders.  The government argues that because defendant did not raise this claim on direct appeal, it is procedurally defaulted.  Further, it argues that the court must give substantial deference to the legislature's determination of the punishment for certain crimes.

Defendant did not raise this claim on direct appeal and has not argued that he is actually innocent of this offense.  Nor has defendant demonstrated any cause for his failure to raise the issue on appeal, and he cannot show any prejudice.  Several courts have held that § 2260A does not violate various constitutional provisions, including the Eleventh Circuit in an unpublished decision rejecting many of the same arguments defendant has raised here.  *See United States v. Wellman*, 663 F.3d 224, 232 (4th Cir. 2011) (holding § 2260A does not violate the Eighth Amendment); *United States v. Carver*, 422 F. App'x 796, 802 (11th Cir. 2011) (unpublished disposition) (finding that § 2260A does not criminalize the "status" of being a sex offender and thus does not

8

violate the Fifth, Eighth, Thirteenth and Fourteenth Amendments). *Cf. United States v. Hardeman*, 704 F.3d 1266, 1269 (9th Cir. 2013) (upholding conviction under § 2260A and holding that the statute does not violate the Ex Post Facto Clause).  The court concludes that 18 U.S.C. § 2260A is not unconstitutional.

**VII. Uncorroborated Allegation in Presentence Report**

The PSR noted that during the online chat sessions with the undercover officer, defendant stated that he had previously engaged in sexual activity with children, specifically with a minor in Asia.  Defendant argues that this statement was uncorroborated and because the court did not make specific findings as to its reliability, it should have been stricken from the PSR.  The government argues that because defendant did not raise this claim on direct appeal, it is procedurally defaulted.

Defendant failed to raise this claim on direct appeal and has not shown any cause for doing the failure.  Nor can defendant show any prejudice, as the court's failure to make specific findings as to the statement's reliability was not error.  The PSR did not state that defendant had sex with a minor in Asia; rather, it stated that during chat sessions defendant told the undercover officer that he had.  Defendant admitted at sentencing that he had made that statement, although he argued that it was factually untrue.  (Sent. Tr. 18).  Accordingly, the statement, which defendant admitted he made, was properly included in the PSR.

**Certificate of Appealability**

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28

9

U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by defendant with respect to whether they satisfy the standard for issuance of a

10

certificate of appeal and determines that none meet that standard. The court will therefore deny defendant a certificate of appealability.

**Conclusion**

To the extent any of defendant's specific arguments have not been not addressed in this order, the court finds them to be without merit.  In accordance with the foregoing, defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#51) is **DENIED.**

IT IS SO ORDERED.

DATED: This 19th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

11